UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC., <br>     *Plaintiff*, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION *et al.*, <br><br>     *Defendants*. | Case No. 23-cv-2564-DLF |

**<u>ANSWER</u>**

Defendants, the National Archives and Records Administration and Colleen Shogan, in her official capacity as Archivist of the United States, (collectively, "Defendants" or "NARA") by and through undersigned counsel, hereby respond to the numbered paragraphs of the Complaint of Plaintiff Project on Government Oversight, Inc. ("Plaintiff"), ECF No. 1, in the above-captioned action, as follows.

1. This paragraph consists of Plaintiff's characterization of this action and requests for relief to which no response is required.

2. This paragraph consists of Plaintiff's characterization of this action to which no response is required.

3. This paragraph consists of legal conclusions as to jurisdiction to which no response is required.

4. This paragraph consists of legal conclusions as to venue to which no response is required.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. The first sentence of this paragraph consists of Plaintiff's characterization of a pending Freedom of Information Act ("FOIA") request. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents. The second sentence is denied.

8. Admitted.

9. The first sentence of this paragraph is admitted. The second sentence is denied.

10. The first sentence of this paragraph consists of Plaintiff's characterization of 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, and 3301-24. Defendants respectfully refer the Court to those statutory provisions for a full and accurate statement of their contents. The second sentence consists of a quotation from 41 C.F.R. § 102-193.10(a). Defendants respectfully refer the Court to that provision for a full and accurate statement of its contents.

11. This paragraph consists of legal conclusions to which no response is required.

12. This paragraph consists of legal conclusions to which no response is required.

13. This paragraph consists of legal conclusions to which no response is required.

14. This paragraph consists of legal conclusions to which no response is required.

15. This paragraph consists of legal conclusions to which no response is required.

16. This paragraph consists of legal conclusions to which no response is required.

17. This paragraph consists of legal conclusions to which no response is required.

18. This paragraph consists of legal conclusions to which no response is required.

19. This paragraph consists of legal conclusions to which no response is required.

20. This paragraph consists of legal conclusions to which no response is required.

21. Admitted that Plaintiff filed a FOIA request with DHS's Office of Inspector General on July 5, 2022. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

22. The first two sentences of this paragraph constitute Plaintiff's characterization of a May 10, 2022, letter to DHS Inspector General Cuffari from the Chairs of the House Committee on Oversight and Reform and the House Committee on Homeland Security. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents. The third sentence of this paragraph constitutes Plaintiff's characterization of its July 5, 2022, FOIA request. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

23. The first two sentences of this paragraph are admitted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

24. This paragraph constitutes Plaintiff's characterization of an August 16, 2022, letter to IG Cuffari from the Chairs of the House Committee on Oversight and Reform and the House Committee on Homeland Security. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

25. The first sentence is admitted. The remainder of this paragraph constitutes Plaintiff's characterization of IG Cuffari's June 6, 2023, testimony before the Subcommittee on

National Security, the Border, and Foreign Affairs of the House Committee on Oversight and Accountability. Defendants respectfully refer the Court to the recording of that testimony for a full and accurate statement of its contents.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph consists of Plaintiff's characterization of a document that purports to be an email dated December 22, 2022 ("the December 22, 2022, email") generated in the course of OIG's searches for records responsive to Plaintiff's FOIA request. Defendants can neither confirm nor deny the authenticity of the email referred to in this paragraph, but respectfully refer the Court to that email for a full and accurate statement of its contents. Any reference to the purported December 22, 2022, email in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

27. This paragraph consists of Plaintiff's characterization of the purported December 22, 2022, email. Defendants can neither confirm nor deny the authenticity of the email referred to in this paragraph, but respectfully refer the Court to that email for a full and accurate statement of its contents. Any reference to the purported December 22, 2022, email in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

28. This paragraph consists of Plaintiff's characterization of a purported proposed DHS "Plan of Action" dated January 3, 2022. Defendants can neither confirm nor deny the authenticity of the document referred to in this paragraph, but respectfully refer the Court

to that document for a full and accurate statement of its contents. Any reference to the purported Plan of Action in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

29. This paragraph consists of Plaintiff's characterization of a purported proposed DHS "Plan of Action" dated January 3, 2022. Defendants can neither confirm nor deny the authenticity of the document referred to in this paragraph, but respectfully refer the Court to that document for a full and accurate statement of its contents. Any reference to the purported Plan of Action in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

30. This paragraph consists of Plaintiff's characterization of a purported proposed DHS "Plan of Action" dated January 3, 2022. Defendants can neither confirm nor deny the authenticity of the document referred to in this paragraph, but respectfully refer the Court to that document for a full and accurate statement of its contents. Any reference to the purported Plan of Action in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

31. This paragraph consists of Plaintiff's characterization of a purported proposed DHS "Plan of Action" dated January 3, 2022. Defendants can neither confirm nor deny the authenticity of the document referred to in this paragraph, but respectfully refer the Court to that document for a full and accurate statement of its contents. Any reference to the purported Plan of Action in this Answer does not constitute a waiver of any privilege that may apply to that document, which belongs to DHS and/or DHS OIG.

32. Defendants lack knowledge or information sufficient to form a belief as to whether the purported DHS Plan of Action referenced in this paragraph was implemented. Admitted that Defendants did not first learn of IG Cuffari's deletion of text messages from DHS.

33. This paragraph consists of Plaintiff's characterization of a June 12, 2023, letter to the Archivist from the Ranking Members of the House Subcommittee on Cybersecurity, Information Technology, and Government Innovation Workforce and the House Subcommittee on Government Operations and the Federal Workforce. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

34. This paragraph consists of Plaintiff's characterization of a June 12, 2023, letter to the Archivist from the Ranking Members of the House Subcommittee on Cybersecurity, Information Technology, and Government Innovation Workforce and the House Subcommittee on Government Operations and the Federal Workforce. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

35. This paragraph consists of Plaintiff's characterization of a June 12, 2023, letter to the Archivist from the Ranking Members of the House Subcommittee on Cybersecurity, Information Technology, and Government Innovation Workforce and the House Subcommittee on Government Operations and the Federal Workforce. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

36. This paragraph consists of Plaintiff's characterization of a June 15, 2023, letter from NARA to DHS's Chief Information Officer. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

37. This paragraph consists of Plaintiff's characterization of a July 24, 2023, letter to the Archivist from the Ranking Members of the House Committee on Homeland Security and the House Subcommittee on Oversight, Investigations, and Accountability. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

38. This paragraph consists of Plaintiff's characterization of a July 24, 2023, letter to the Archivist from the Ranking Members of the House Committee on Homeland Security and the House Subcommittee on Oversight, Investigations, and Accountability. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

39. This paragraph consists of Plaintiff's characterization of a July 25, 2023, letter from the Archivist to the Ranking Members of the House Committee on Homeland Security and the House Subcommittee on Oversight, Investigations, and Accountability. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

40. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

41. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

42. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

43. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

44. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

45. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

46. This Paragraph consists of Plaintiff's characterization of a June 27, 2023, from Plaintiff to the Archivist. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

47. This paragraph consists of Plaintiff's characterization of an August 4, 2023, letter from NARA to Plaintiff. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

48. Defendant reasserts its responses to the allegations in paragraphs 1 through 47 above, as if set forth fully herein.

49. This paragraph consists of legal conclusions to which no response is required.

50. This paragraph consists of legal conclusions to which no response is required.

51. This paragraph consists of legal conclusions to which no response is required.

52. This paragraph consists of legal conclusions to which no response is required.

53. Admitted that NARA's Office of Inspector General received a complaint on March 12, 2023, regarding IG Cuffari's deletion of text messages.

53. The first sentence is denied except to admit that Defendants lack knowledge or information sufficient to confirm whether the text messages sent by IG Cuffari that have been restored, retrieved, salvaged, or reconstructed account for all text messages that IG Cuffari deleted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.[1]

54. Admitted that Defendants have not initiated action through the Attorney General for the recovery of text messages deleted from IG Cuffari's agency issued phone.

55. Denied.

56. Denied.

57. Denied.

The remaining allegations in the Complaint constitute a prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant denies all allegations of the Complaint not expressly admitted or denied above.

Dated: October 23, 2024                                        Respectfully submitted,

---

[1] Defendants note that the Complaint contains two separate paragraphs numbered 53. *See* ECF 1 at 14. For ease of reference, Defendants follow the numbering in the Complaint.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Cormac A. Early*
CORMAC A. EARLY
D.C. Bar. No. 1033835
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-7420
cormac.a.early@usdoj.gov

*Counsel for Defendants*