UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION *et al.*,<br><br>*Defendants*. | Case No. 23-cv-2564-DLF |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of October 25, 2024, the parties have conferred but have been unable to reach agreement on next steps.

**Plaintiff's position:**

On September 24, 2024, this Court entered an order denying Defendants' motion to dismiss and ordering the parties to file a Joint Status Report by October 9, 2024, proposing a schedule for further proceedings. (ECF No. 18). Defendants, after seeking two extensions, now request that the Court stay this matter until December 20, 2024, to await the actions of the Department of Homeland Security's Office of the Inspector General, a non-party. The requested stay is unwarranted and unsupported.

First, this case concerns a challenge under the Administrative Procedure Act (APA) to the failure of the Archivist and the National Archives and Records Administration (NARA) to initiate an action through the Attorney General for the recovery of records destroyed by DHS's IG Cuffari. *See* Mem. Op. at 1 (ECF No. 17). The Court concluded that "NARA must take action

by making a referral to the Attorney General after the Archivist is notified or becomes aware that an agency head has deleted text messages." *Id.* at 10. Here, Defendants do no appear to dispute that IG Cuffari deleted text messages. Thus, the only remaining action for Defendants to take under the clear terms of this Court's Memorandum Opinion is to refer the matter to the Attorney General.

Instead, however, Defendants seek to delay this matter further while awaiting the outcome of actions they claim DHS's IG is taking. These factual claims are completely unsupported by any evidence in the record. This evidentiary gap presents even greater concerns given that neither IG Cuffari nor DHS's IG is a party to this action. Moreover, while Defendants allude to the need to allow time for forensic examination once DHS has acted to determine whether any deleted messages may be recovered, they provide no details about who will perform that forensic examination and whether that unknown entity has the requisite expertise to perform such a forensic examination.

Indeed, the limited expertise that NARA has in such matters when compared to the vastly superior resources of the Department of Justice (DOJ), and DOJ's ability to compel testimony and documentary evidence from DHS's IG underscore why the mandatory referral process must now take place.

Of equal importance, Defendants' duty to refer this matter to the Attorney General is not contingent on DHS's IG or Defendants taking any additional actions. Instead, as this Court found, "NARA *must* take action." Mem. Op. at 10 (emphasis added).

Finally, even if the record did not support an immediate referral to the Attorney General—contrary to the plain language of the Court's Memorandum Opinion—the appropriate next step would be limited discovery. As courts have recognized, in cases like this one where the

2

plaintiff is challenging an agency' failure to take action under the APA, "review is not limited to the record as it existed at any single point in time." *Western Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (cleaned up). In those instances, "there may well be reason for discovery, since agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record, but may be simply . . . after-the-event justifictions [] which may need to be explored by plaintiffs." (cleaned up). *See also Cherokee Nation v. U.S. DOJ*, 531 F. Supp. 3d 87, 86 (D.D.C. 2021); *Nat'l Law Ctr. on Homelessness & Poverty v. U.S VA*, 842 F. Supp. 2d 127, 130-31 (D.D.C. 2012).

Accordingly, Plaintiff respectfully requests that Defendant' request for a stay of this case until December 20, 2024, be denied and that Plaintiff be given leave to commence discovery. An appropriate proposed order accompanies this Joint Status Report.

**Defendants' position:** The Department of Homeland Security's Office of the Inspector General reports that it is currently in the process of a routine update to its agency issued phones to newer models, and that along with other employee devices subject to this previously scheduled update, IG Cuffari's phone is due to be replaced on or about November 18, 2024.

IG Cuffari's previous agency issued phone was returned and exchanged for a newer model in June 2022 as part of a routine upgrade of OIG's phones, prior to Plaintiff's July 5, 2022, FOIA request. That phone was factory reset and recycled, and is no longer in agency custody. In addition, OIG began automatically archiving all text messages sent or received on agency phones with service from Verizon (including IG Cuffari's phone) on April 21, 2023.

Thus, IG Cuffari's current agency issued phone is the only device from which there is any possibility of recovering deleted text messages, created after June 2022, that may be responsive to Plaintiff's July 5, 2022, FOIA request. Defendants respectfully move for a stay of

this action to December 20, 2024, to allow time for forensic examination of that device to determine whether any deleted messages may be recovered.

Allowing this forensic examination would help narrow issues for potential discovery. Indeed, discovery would be premature at this juncture. Plaintiff has stated that it intends to seek discovery into the information available to NARA when it determined that there was no referral duty in this matter, and into the basis for NARA's determination, if any, that any records required to be preserved but not yet preserved are not recoverable. The first subject is not relevant to any legal issues in this case, and in any event, NARA's determination with respect to the referral duty was based on its longstanding legal position about the limits of that duty rather than on any facts particular to this matter. Discovery into Plaintiff's second subject would plainly be premature, because NARA has not yet made any determination about whether it is possible to recover records from IG Cuffari's phone, and cannot make any such determination until the phone has been subject to forensic examination.

A brief stay to allow time for that examination would be consistent with the D.C. Circuit's guidance for FRA referral matters, which explained that, in recognizing the possibility of private litigation to enforce the referral duty, the Court of Appeals "d[id] not mean to imply . . . that the Archivist and the agency head must initially attempt to prevent the unlawful action by seeking the initiation of legal action." *Armstrong v. Bush*, 924 F.2d 282, 292 n.12 (D.C. Cir. 1991). "Instead, the FRA contemplates that the agency head and Archivist may proceed first by invoking the agency's 'safeguards against the removal or loss of records,' 44 U.S.C. § 3105," and by taking other "intra-agency actions." *Id.*

Dated: November 6, 2024                                                          Respectfully submitted,

 /s/ *Anne L. Weismann*                                                           BRIAN M. BOYNTON

<div style="display: flex;">
<div>

Anne L. Weismann
D.C. Bar #298190
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(301) 717-6610
Weismann.anne@gmail.com

*Counsel for Plaintiff*

</div>
<div>

Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director

*/s/ Cormac A. Early*
CORMAC A. EARLY
D.C. Bar #1033935
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-7420
Email: cormac.a.early@usdoj.gov

*Counsel for Defendant*

</div>
</div>